UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dmitry Pronin, | C/A No.: 5:16-cv-03635-HMH-KDW |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S RENEWED VERIFIED MOTION TO COMPEL DISCOVERY |
| Charles Wright, Neal Urch, and L. Blackwell, | |
| Defendants. | |

This matter is before the court on Plaintiff Dmitri Pronin's ("Plaintiff" or "Pronin") Renewed Verified Motion to Compel Discovery from non-party McDaniel Supply Company of Jessup, Georgia. ECF No. 173.

On February 5, 2018, Pronin filed a Renewed Motion for Issuance of a Subpeona Duces Tecum. ECF No. 125. On February 20, 2018, Defendants Wright, Urch, and Blackwell ("Defendants") filed a Response. ECF No. 130. In their Response, Defendants stated that they take no position with respect to Pronin's Motion for Issuance of a Subpoena. *Id*.

On March 7, 2018, the court granted Pronin's Renewed Motion for Subpoena Duces Tecum. ECF No. 136. The District of South Carolina is the court where the instant action is pending, and as such, under Fed. R. Civ. P. 45(a)(2), the court directed the Clerk of Court for this District to issue a subpoena to McDaniel Supply Company, located at 1275 East Cherry Street, Jessup, Ga. ECF No. 136. The court also advised Plaintiff that "he is responsible for ensuring that

1

the subpoena is received by McDaniel Supply Company upon issuance of the subpoena by the Clerk. Plaintiff was further advised that he must provide the court with a certificate of service showing that he served a copy of the subpoena on counsel for Defendants." *Id.*

On August 16, 2018, Pronin filed a Verified Motion to Compel Discovery, ECF No. 168, in which he sought an order from this court compelling McDaniel Supply Company to respond to his subpoena. *Id.* On September 5, 2018, by text order, the court denied Pronin's Motion, ECF No. 168, without prejudice because Pronin failed to provide to the court copies of the subpoena and certificates of service showing that he had served the copy of the subpoena on counsel for the Defendants. ECF No. 169.

On September 17, 2018, Pronin filed a Renewed Verified Motion to Compel Discovery from McDaniel Supply Company. ECF No. 173. Pronin attached to his Renewed Verified Motion to Compel the required certificates of service on counsel for Defendants and on non-party McDaniel Supply Company. ECF No. 173-1 at 1; ECF No. 173-2 at 1. As part of his certificate of service, Pronin attests that he served one copy of the subpoena to McDaniel Supply Company and to counsel for Defendants. *Id.* Pronin also included the relevant numbers for the certified mail receipt that he used to effect service. ECF No. 173-1 at 1.

On March 1, 2018, Pronin filed a Notice of Change of Address in which he indicated that as of February 18, 2018, his address changed because of his transfer to FCC Coleman – Medium, in Coleman, Florida. ECF No. 48. While the District of South Carolina is the court where Pronin initiated this action, and is thus properly the issuing court for Pronin's subpoena under Rule 45(a)(2), it is not the court that has jurisdiction to enforce non-party McDaniel Supply Company's compliance with Pronin's subpoena. *See* Fed. R. Civ. P. 45(c). Under Rule 45 (c)(2)(A),

> A subpoena may command: production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . .

Fed. R. Civ. P. 45(c)(2)(A).

Because Pronin is incarcerated at FCI Coleman, the United States District Court for the Middle District of Florida is the court with jurisdiction over Pronin's Renewed Verified Motion to Compel. Pronin must therefore file his Motion to Compel with the United States District Court for the Middle District of Florida. He must then serve that motion on McDaniel Supply Company. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."); *see also* comments to 2013 Amendment to Fed. R. Civ. P. 45(f) ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c). Rule 45(f) provides authority for that court to transfer the motion to the court where the action is pending. It applies to all motions under this rule . . . .").

Accordingly, for the reasons outlined above, Pronin's Renewed Verified Motion to Compel, ECF No. 173, is denied without prejudice. If Pronin wishes to pursue his attempt to obtain information from McDaniel Supply Company via a subpoena, he is instructed to file the Renewed Verified Motion to Compel with the U.S. District Court for the Middle District of Florida. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). Pronin should attach to that Motion the certificates of service of the Subpoena on McDaniel Supply Company and on Defendants. Pronin should also attach to that Motion a copy of the Subpoena Duces Tecum issued by the District of South Carolina. The court also instructs Pronin to complete and attach to his Motion a subpoena form issued by the Middle District of Florida, and in the space requiring a case number Pronin is to add the instant case

3

number: 16-cv-03635-HMH-KDW. **The Clerk is instructed to provide Pronin with a copy of the subpoena form issued by the Middle District of Florida**.

Although the undersigned is denying Plaintiff's Motion without prejudice and providing him the opportunity to attempt to seek compliance with his subpoena, Pronin is reminded that the court issued an order last April denying his request to compel discovery from Defendants regarding SCDC's relationship with McDaniel Supply Company. The court held that "Plaintiff's inquiry into contracts and other relations between SCDC and McDaniel Supply Company is irrelevant to his claims in this case based on assertions of inadequate food service at SCDC. McDaniel Supply Company does not provide food services that SCDC provides inmates daily, but only provides kiosk services including canteen or commissary items paid for individually by inmates." ECF No 159. Accordingly, despite Plaintiff's continued attempts to obtain information from a non-party, this case will proceed as set forth in the current scheduling order.

**IT IS SO ORDERED.**

October 5, 2018　　　　　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　　　United States Magistrate Judge