IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Dmitry Pronin, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 5:16-3635-HMH-KDW |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Charles Wright, Neal Urch, and | ) | |
| L. Blackwell, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Dmitry Pronin ("Pronin"), a federal prisoner proceeding pro se, brings this action alleging claims under 42 U.S.C. § 1983. Defendants Charles Wright, Neal Urch, and L. Blackwell (collectively "Defendants"), filed a motion for summary judgment. In her Report and Recommendation, Magistrate Judge West recommends granting Defendants' motion for summary judgment.

**I. FACTUAL AND PROCEDURAL HISTORY**

Pronin is a federal prisoner currently serving a ten-year sentence for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during a crime of violence,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

in violation of 18 U.S.C. § 924(c)(1)(A)(ii).² United States v. Pronin, Cr. No. 1:11-33-LPS (D. Del. 2011).³ From June 27, 2016 to August 22, 2016, Pronin was housed at Spartanburg County Detention Center ("SCDC") on a writ of habeas corpus ad testificandum. (Mot. Summ. J. 5, ECF No. 174-1.) Pronin alleges that he experienced severe undernourishment while at SCDC and that the three meals served each day contained less than 2,000 calories. (Am. Compl. 2, ECF No. 92.) Pronin alleges that he weighed 165 pounds when he arrived at SCDC on June 27, 2016, lost 27 pounds as a result of the food served by SCDC, and weighed 138 pounds when he left SCDC on August 22, 2016. (Objs. Ex. 1 (V.S. Disputed Facts ¶ 1(a)), ECF No. 199-1.) Pronin brings this action pursuant to § 1983 and submits that these events constitute deliberate indifference to his health under the Eighth Amendment. (Am. Compl., ECF No. 92.)

Pronin filed an amended complaint on November 13, 2017. (Id., ECF No. 92.) Defendants filed a motion for summary judgment on September 28, 2018. (Mot. Summ. J., ECF No. 174.) After receiving an extension, Pronin filed his response in opposition on October 29, 2018.⁴ (Resp. Opp'n Mot. Summ. J., ECF No. 183.) Defendants filed their reply on November 8, 2018. (Reply, ECF No. 184.) Pronin filed a sur reply on November 15, 2018. (Sur Reply, ECF No. 185.) The magistrate judge issued the Report and Recommendation on April 2, 2019, and recommends granting Defendants' motion for summary judgment because

---

² Pronin is currently housed at Sheriff Al Cannon Detention Center in Charleston, South Carolina "on a writ." (Not. Req. Protection Ct. Appearance, ECF No. 192.)

³ This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

⁴ Houston v. Lack, 487 U.S. 266 (1988).

there is no genuine issue of material fact as to Pronin's alleged weight loss at SCDC. (R&R 4-5, ECF No. 193.) Pronin filed objections to the Report and Recommendation on May 3, 2019.[5] (Objs., ECF No. 199.) This matter is now ripe for review.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

---

[5] Id.

3

there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

**B. Objections**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that many of Pronin's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Pronin objects to the magistrate judge's conclusion that there is no genuine issue of material fact regarding Pronin's alleged injury. (Objs. 12, ECF No. 199.)

Pronin submits that he has provided sufficient evidence to create a genuine issue of material fact regarding his alleged weight loss at SCDC. (Id., ECF No. 199.) Although Pronin disputes Defendants' records that he weighed 138 pounds upon his arrival to SCDC, he has failed to provide any evidence, apart from his own assertions, that he weighed 165 pounds upon his arrival to SCDC. In fact, to the contrary, one of Pronin's grievances submitted while he was housed at SCDC states, "I AM UNDERWEIGT [sic] - 6' 1, AND ONLY 138 POUNDS AT THE INTAKE[.]" (Mot. Summ. J. Ex. A (Freeman Aff. Ex. B (July 17, 2016 Grievance at 68)), ECF No. 174-2.) Thus, Pronin acknowledged that he weighed 138 pounds when he arrived at SCDC.

4

Further, Pronin has only provided evidence regarding his weight while in federal custody in 2015, prior to his arrival at SCDC, and his weight on September 1, 2016, after his transfer from SCDC. (Resp. Opp'n Mot. Summ. J. Attach. 3 (Supp. Docs. 12-15), ECF No. 183-3.) Accordingly, Pronin's assertion that he lost 27 pounds during his confinement at SCDC is unsupported by the evidence. Thus, Pronin's objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 174, is granted. It is further

**ORDERED** that Pronin's motion to protect from court appearances, docket number 200, is dismissed as moot.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
May 13, 2019

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.